UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND PNIEWSKI, JR.,

Petitioner,

v.

Case No. 21-cv-11414

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

CHANDLER CHEEKS,

Respondent.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*, DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*, GRANTING THE GOVERNMENT'S MOTION TO DISMISS [#11], AND DENYING PETITIONER'S MOTION TO SUPPLEMENT [#7]**

**I. INTRODUCTION**

Raymond Pniewski, Jr., ("petitioner"), confined at the Thumb Correctional Facility in Lapeer, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for five counts of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520(b). Respondent filed a motion to dismiss the petition, arguing that it was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). *See* ECF No. 11. Petitioner submitted a response to the motion to dismiss on April 13, 2022. *See* ECF No. 15. For the reasons stated below, the Court will

1

DISMISS the petition for a writ of habeas corpus with prejudice pursuant to 28 U.S.C. § 2244 (d)(1).

## II. FACTUAL BACKGROUND

Petitioner plead guilty to first-degree criminal sexual conduct in the Wayne County Circuit Court.  Direct review of Petitioner's conviction ended in the state courts on November 25, 2008, when the Michigan Supreme Court denied petitioner's application for leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals.  *People v. Pniewski*, 482 Mich. 1064, 757 N.W.2d 488 (2008).

On March 4, 2019, Petitioner filed a post-conviction motion for relief from judgment with the trial court.  After the trial judge denied his motion, and the Michigan Court of Appeals denied Petitioner's post-conviction appeal, collateral review of Petitioner's conviction ended in the Michigan courts on April 27, 2021, when the Michigan Supreme Court denied his motion for reconsideration of that court's prior order denying him leave to appeal the denial of his post-conviction motion.  *People v. Pniewski*, 507 Mich. 934, 957 N.W.2d 806 (2021).  On June 9, 2021, Petitioner filed his federal habeas petition with this Court.[1]

---

[1] Under the prison mailbox rule, this Court will assume that petitioner filed his habeas petition on June 9, 2021, the date that it was signed and dated.  *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

### III. LAW AND ANALYSIS

In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2d Cir.1999); *see also Cooey v. Strickland,* 479 F.3d 412, 415–16 (6th Cir. 2007); *Elliott v. Mazza*, No. 18-6106, 2019 U.S. App. LEXIS 6076, at *1–*2 (6th Cir. 2019) (denying petitioner's request for a certificate of appealability when the district court properly dismissed the petition on statute of limitations grounds).

28 U.S.C. § 2244(d) imposes a one-year statute of limitations period upon petitions for habeas relief:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

Although not jurisdictional, the AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009).

On direct appeal, the Michigan Supreme Court denied Petitioner's application for leave to appeal on November 25, 2008. However, the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin on that day. Where a state inmate has sought direct review of his conviction in the state's highest court but never files a petition for certiorari with the United States Supreme Court, the one-year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but when the 90 day time period for seeking certiorari with the Supreme Court expires. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment became final on February 23, 2009, after he failed to file a petition for a writ of certiorari with the Supreme Court. *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). Absent state collateral review, Petitioner would have been required to file his petition for a writ of habeas corpus with this Court no later than February 23, 2010, in order for the petition to be timely filed. *See Corbin v. Straub*, 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001).

4

Petitioner filed a post-conviction motion with the state courts on March 4, 2019, long after the one-year limitations period expired. A state court post-conviction motion that is filed after the limitations period expired does not toll that period pursuant to 28 U.S.C. § 2244(d)(2), because there is no period left to be tolled. *See Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003); *see also Hargrove v. Brigano*, 300 F.3d 717, 718, n.1 (6th Cir. 2002); *Smith v. Meko*, 709 F. App'x 341, 345 (6th Cir. 2017) (limitations period was not tolled by petitioner's state collateral attack, which was filed after AEDPA one-year limitations expired). Moreover, the mere fact that Petitioner raised a claim of ineffective assistance of appellate counsel in his post-conviction motion would not restart the one-year limitations process. A motion for state post-conviction review alleging ineffective assistance of appellate counsel tolls, but does not restart, the AEDPA's limitations period. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *see also McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). The limitations period had already expired by the time Petitioner filed his post-conviction motion. Petitioner's later claim of the ineffective assistance of appellate counsel in this motion would not revive the statute of limitations. The petition remained untimely.

In his Reply, Petitioner argues that respondent erred in filing a motion to dismiss on statute of limitations grounds without addressing the merits of his claims. Petitioner further argues that this Court should deny the motion to dismiss

the petition on statute of limitations grounds because his claims are meritorious. ECF No. 15, PageID.629–631.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, it is permissible for a respondent to file a motion to dismiss or for summary judgment on statute of limitations grounds, rather than an answer on the merits. *See Jackson v. Straub*, 309 F. Supp. 2d 952, 959 (E.D. Mich. 2004). It was therefore proper for respondent to file a motion to dismiss the petition on statute of limitations grounds, rather than file an answer addressing the merits. Moreover, a merits decision is unnecessary where a district court denies a habeas petition on statute of limitations grounds. *See Bachman v. Bagley*, 487 F.3d 979, 982 (6th Cir. 2007).

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The burden is on a

habeas petitioner to establish entitlement to equitable tolling of the one-year limitations period. *Id.*

Petitioner argues both in his petition and in his Reply that the Court should equitably toll the limitations period because he was ignorant of the law and was required to represent himself on post-conviction review. ECF No. 1, PageID.7; ECF No. 15, PageID.630–631. Although Petitioner may be untrained in the law or proceeded without counsel, that does not justify equitable tolling under Sixth Circuit precedent. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (*pro se* status is not an extraordinary circumstance); *Allen v. Yukins*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (illiteracy is not a basis for equitable tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's *pro se* status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling).

Petitioner further argues that the Court should toll the limitations period because of the limited number of hours he could spend in the prison law library and his limited access to legal materials. ECF No. 1, PageID.7; ECF No. 15, PageID.632–634. These arguments also do not entitle Petitioner to equitable

tolling.    Limited library access is insufficient to justify equitable tolling

particularly in light of the ten years that elapsed between the conclusion of his

direct appeals and the filing of his state post-conviction motion.  *See Hall v.*

*Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 751–52 (6th Cir. 2011)

(finding limited access to prison law library did not justify equitable tolling when

petitioner had almost ten months to timely file his petition); *see also Maclin v.*

*Robinson*, 74 F. App'x 587, 589 (6th Cir. 2003) (limiting inmate's access to law

library to approximately one and a half hours a week did not constitute a state

created impediment to inmate's access to courts, and thus did not toll the

AEDPA's limitations period; although inmate claimed prison policy allowed for

six hours of access to law library, restrictions of library time were constitutional so

long as restrictions did not deny inmate access to courts).

Relatedly, Petitioner contends that the limitations period should be tolled

because of the restrictions placed on inmates to access the prison law libraries due

to the 2020 prison shutdowns enacted to counteract the spread of COVID-19.

It is true that the restrictions placed on inmates resulting from the COVID-

19 pandemic have justified equitable tolling of the limitations period. *See e.g.*,

*Brown v. Davis*, 482 F. Supp. 3d 1049, 1058–59 (E.D. Cal. 2020).  However, the

limitations period in this case expired over a decade prior to the onset of COVID-

19 in the United States, and more particularly, within the State of Michigan.

Equitable tolling does not operate to revive an expired limitations period. *See Downs v. McNeil*, 520 F.3d 1311, 1325 (11th Cir. 2008); *see also Pinson v. Boynton*, No. 2:09-13640; 2010 U.S> Dist. LEXIS 83751, \*10 (E.D. Mich. Aug. 17, 2010). "Events or actions occurring after the expiration of the limitations period cannot serve to extend that period or excuse [a litigant's] failure to comply with the limitations period." *Doan v. NSK Corp.*, 266 F. Supp. 2d 629, 638 (E.D. Mich. 2003). "[E]quitable tolling functions to halt an already running limitations period that has not expired; it does not function to revive a stale claim." *Lewis v. United Air Lines, Inc.*, 117 F. Supp. 2d 434, 441 (D.N.J. 2000). The tragic events of the COVID-19 pandemic, and its restrictions on incarcerated people's lives, does not justify tolling the limitations period in this case because it had long since expired before the pandemic began.

Petitioner also argues that the limitations period should be equitably tolled because his appellate counsel was ineffective for failing to file several claims on petitioner's direct appeal. ECF No. 1, PageID.6–7.

Even if appellate counsel's representation of petitioner on his direct appeal was somehow ineffective, petitioner is not entitled to equitable tolling because he failed to show how counsel's ineffectiveness on the direct appeal had any impact on petitioner's ability to timely file his state post-conviction motion or his habeas petition. *See Jordan v. Campbell*, No. 18-1045, 2018 U.S. App. LEXIS 24010, at

9

*2 (6th Cir. May 30, 2018); *Cf. Winkfield v. Bagley*, 66 F. App'x 578, 583–84 (6th Cir. 2003) (finding petitioner unentitled to equitable tolling of limitations period despite alleging that his counsel failed to pursue direct appeal of his conviction in state court, where petitioner offered no explanation for the almost ten-year delay between his last communication with his attorney and the filing of his motion for leave to file delayed appeal in state court); *Winters v. Edwards*, 27 F. App'x 327, 329 (6th Cir. 2001) (denying equitable tolling of AEDPA based on petitioner's claim that attorney failed to file direct appeal and trial court failed to timely appoint counsel, where petitioner waited over five years after conviction to file state collateral proceeding).

Although Petitioner does not raise this as an argument for equitable tolling, he suggests that his trial counsel was ineffective for not requesting a mental competency evaluation. ECF No. 5, PageID.59–60. Petitioner claims that he suffered from depression and was on anti-depressant medication when he pleaded guilty. *Id.*

A habeas petitioner's mental incompetence or incapacity may provide a basis for equitably tolling of the AEDPA's statute of limitations. *See Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). In order to obtain equitable tolling of AEDPA's statute of limitations on the basis of mental incompetence, a habeas petitioner must show that (1) he is mentally incompetent, and (2) his mental incompetence caused

his failure to comply with the AEDPA's statute of limitations. *Id.* Moreover, "a blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required." *Id.* (internal citation omitted). For a habeas petitioner's mental incapacity to warrant the equitable tolling of the AEDPA's statute of limitations, "the petitioner must demonstrate that the incompetence affected his or her ability to file a timely habeas petition." *Robertson*, 624 F.3d at 785. Moreover, "[m]ental incompetence is not a *per se* reason to toll a statute of limitations." *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008); *see also Brown v. McKee*, 232 F. Supp. 2d 761, 767 (E.D. Mich. 2002). "In order to be entitled to equitable tolling the petitioner must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected [his] ability to file a timely habeas petition." *McSwain,* 287 F. App'x at 456. A habeas petitioner must allege more than the "mere existence of physical or mental ailments" to qualify for the equitable tolling of the AEDPA statute of limitations. *Brown*, 232 F. Supp. 2d at 767.

Petitioner is also not entitled to equitable tolling of the limitations period based on his alleged mental incompetency because he presents no evidence of the state of his mental health during the limitations period. *See Watkins v. Deangelo-Kipp*, 854 F.3d 846, 851 (6th Cir. 2017). The only allegation Petitioner offers is

11

his claim that he was depressed at the time of his guilty plea.  The Sixth Circuit has

noted that "mental illness is not the same as mental incompetence."  *Id.* at 852.

Petitioner's depression in and of itself would not provide a basis to equitably toll

the limitations period.  *See, e.g.*, *Nowak v. Yukins*, 46 F. App'x 257, 259 (6th Cir.

2002) (habeas petitioner failed to show that her depression amounted to mental

incompetence that would justify tolling limitations period for filing habeas

petition).

More importantly, Petitioner failed to show that his mental illness was the

cause of his untimely filing.  *Watkins v. Deangelo-Kipp*, 854 F.3d at 853.

Petitioner pursued a collateral challenge to his conviction in the state courts as well

as federal post-conviction relief while suffering from his alleged mental

impairment.  Thus, he has failed to show a causal connection between his mental

impairment and his ability to timely file a habeas petition, so as to justify the

equitable tolling of the limitations period.  *Id.*; *see also McSwain v. Davis*, 287 F.

App'x at 457; *Bilbrey v. Douglas*, 124 F. App'x 971, 973 (6th Cir. 2005).

The one year statute of limitations may be equitably tolled based upon a

credible showing of actual innocence under the standard enunciated in *Schlup v.*

*Delo*, 513 U.S. 298 (1995).  *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

However, the Supreme Court has cautioned that "tenable actual-innocence gateway

pleas are rare[.]"  *Id.*  "[A] petitioner does not meet the threshold requirement

unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S. at 329).  For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner is not entitled to the tolling of the limitations period, because he presented no new, reliable evidence to establish that he was actually innocent of the crimes charged.  *See Ross v. Berghuis*, 417 F.3d 552, 556 (6th Cir. 2005).  Any actual innocence exception to AEDPA's statute of limitations is particularly inapplicable, in light of the fact that Petitioner pleaded guilty to the charges that he challenges in this petition.  *See Reeves v. Cason*, 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005).

## IV. CONCLUSION

For the reasons discussed above, Mr. Pniewski's petition for a writ of habeas corpus [#1] is DISMISSED.

IT IS FURTHER ORDERED that the Court DECLINES to issue a certificate of appealability because Mr. Pniewski has not made "a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). When a plain procedural bar is present and the district court correctly invokes it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *see also Strayhorn v. Booker*, 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

The Court will deny Petitioner a certificate of appealability; reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one-year limitations period. *Grayson v. Grayson*, 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

The Court will GRANT the Government's Motion to Dismiss [#11]

IT IS FURTHER ORDERED that Petitioner's Motion to Add to/Supplement and/or Modify the Argument of Issue XII is DENIED [#7].


**IT IS SO ORDERED.**


Dated:  May 25, 2022                     /s/ Gershwin A. Drain
                                         GERSHWIN A. DRAIN
                                         UNITED STATES DISTRICT JUDGE



CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 25, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager